Would each of the council please identify themselves and who you represent? Yes, your honor, my name is Regan Gibson and I represent appellant Kelly Halverson who is improperly named in the complaint as Kelly Johnston. Okay, and the other council? Hello, this is Gail Eisenberg. I represent Jane and Julie Doe. Okay, my name is Terrence Lavin and you are here today in front of the first division of the first district appellate court of Illinois along with my colleagues, Justice Aurelia Puchinski and Justice Michael Hyman. We are here in the case of Doe and Doe v. Johnston and Halverson, 2022 ILAP 1st 220210. We will first hear from the appellant and then hear from the appellee. Please proceed. Thank you, your honor. May it please the court. As I said, my name is Regan Gibson. I represent defendant appellant Kelly Halverson in this matter. She's sometimes referred to in the briefing as Kelly Johnston. Ms. Halverson's constitutional rights are at stake in this case. The plaintiffs, Jane and Julie Doe, have accused her of committing the very same crimes for which they accuse her husband. They have accused both defendants of acting in concert to obtain unauthorized video footage of the plaintiffs while they were staying. We've read the briefs and the record, so we're familiar with all that. You agree, don't you, that the judge used the correct factors in deciding this issue? Your honor, I do agree that the judge noted that he considered the correct factors. However, I think where this case rises to an abuse of discretion is that the court in effect created a bright line rule wherein on the very same facts with the only difference being one defendant is indicted and one is not that Ms. Halverson is forced to proceed without a stay while the case against her husband, Mr. Johnston, is stayed because he has already been indicted for that conduct. The trial judge indicated that he would reconsider should she wind up getting indicted, right? That is correct, your honor. He did indicate he would reconsider. She has not to date been indicted, but we do not have visibility into the grand jury process or the prosecutor's stated in the plaintiff's pleadings, which is that they allege that she committed the exact same conduct as her husband. As I mentioned, we think that this case rises to an abuse of discretion because the court essentially created this bright line rule. Now, the case law to judge say anything about a bright line rule. Your honor, he does not use that phrase specifically, but anything that would even come close to that, considering that he did consider five factors that you agree are the factors that are to be decided upon in making this determination. Yes, your honor. So in the end, and we will, I do recognize that the record is somewhat unusual in this particular matter, given that there was no court reporter present at the initial hearing, but there was a court reporter present at the hearing on the motion to stay pending appeal and, and that the circuit court made a point to, to give out his reasoning for the initial motion at that hearing as well. And, and that, in that transcript and the court of proceedings from the motion to stay pending appeal, the court notes that it, this is in the plaintiff's supporting record on page 61, it's pages seven and eight of the transcript. I apologize, six and seven of the transcripts. The court states that he laid out the five factors as to Mr. Johnston, who had been indicted, but as to Ms. Halverson, he found that there was no chart, the target of a grand jury investigation. There was no indication that she was, that there was an investigation at that time or that they were contemplating charges. And as a result, he, that, uh, the court said that the state could not proceed against Mrs. Hal, Ms. Halverson. It was one of his reasons, right? One of his reasons. I apologize, your honor. It was one of his reasons. Uh, I, I think the record reflects that that was his only reason. That was the only difference he found between the two defendants. He recognized that certainly judicial efficiency weighs in favor of doing the cases together, particularly given that with a stay against Mr. Johnston, Ms. Halverson does not have the ability to utilize her husband's testimony in the case against her. And he recognized that those all weigh in favor, those weigh in favor of the state. The only difference that he found is the indictment. Well, I don't know if that's the only difference. I mean, what cases have you cited where, um, that one was, uh, one individual is indicted and one wasn't the cases that I read that you cite. Oh, I almost all of them, uh, the defendants, all these federal cases, defendants were, um, indicted both defendants. Isn't that correct? Uh, that's not exactly correct. Your honor. I do agree that many of the cases are simpler than this one where there's either an indictment or there isn't. So in the Kovac case, there's no indictment at all. And many of the other cases, there is an indictment against all the defendants. However, um, I believe that in the South, I may butcher this pronunciation, the Salcedo case versus city of Chicago that cited in our brief, that's a 2010 Northern district of Illinois case. Some of the defendants in that case who were police officers, um, for the city of Chicago had been indicted and some had not, but the court stayed the case as to all defendants. It's a different situation. The facts were quite different. The cases you rely on, uh, just about all of them say that it's a balancing test. You agree it's a balancing test. I do agree that it's a balancing test. Okay. And, uh, you agree that the goal is to avoid prejudice. Yes, that's correct. Okay. And, uh, one of the cases you say Volmar says the strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter. Well, that's not true here because she's not under indictment. So, and that's, that's the case you relied on Volmar, uh, says that's the strongest case. Your Honor. That's the, that's the strongest case, but that's certainly not the only case. There are cases cited in our brief where there was no indictment at all. And the case was still stayed. But I think in this case, particularly when there is an indictment for the very same conduct that is alleged in the complaint, um, it is simply only as to one of the defendants at this point, that case that does rely or rise to the level. So you're looking for a bright line, huh? Is that it? I think that's what, I think that's what the court found. Your Honor is that you're asking, you're asking that we create a bright line. That's what I'm saying. Cause that's what you just said. You said if in this, when the facts are like this, there should be a bright light. Isn't that what you're saying? Your Honor, that is not what I'm saying. I'm not asking. Why not? The, I'm not saying that because I do agree that it's a balancing test. And I think that the impropriety and the abuse of discretion in the circuit court's ruling is the bright line. I think in this case, there is no, no reasonable person should be able to find that the stay was not warranted when on one side of the balancing test for the plaintiffs, the only prejudice that they can allege is delay. And at this point, because the case against Mr. Johnston is already proceeding, that delay is not going to be indefinite. Further, I think at this point in this case, we've already, Ms. Halverson has already answered the complaint, third party discovery. It has been ongoing. It's been quite limited up till now, despite that being a feature of the plaintiff's briefing, but plaintiffs are able to pursue their case at this point. The only thing that is left to stay, given that there was no state pending appeal in this matter is further discovery to Ms. Halverson and her deposition. But the plaintiff's depositions, we have no objection to those depositions proceeding. We have no objection to the third party discovery continuing. And so given that with the potential to infringe on Ms. Halverson's constitutional rights, should she be deposed and should she be subject to further discovery? Why is that necessarily true? Again, it's a discretionary call. Constitution doesn't require it. Correct? Yes, Your Honor. And again, in cases you cite, courts are afforded this discretion. It's a broad discretion that's given to the courts. And as you said, there's cases that go both ways, depends on the facts. It's really a case by case basis, depending on how you weigh the facts. And how can we say in this situation, under the abuse of discretion standard, that no one would find this way? Your Honor, we do recognize that abuse of discretion is certainly a high standard in a court's deference to the trial court. However, it does not immunize the court from review just because they considered the five factors. And as I already stated in this case, where the only prejudice to the plaintiff's is minimal delay, and then a prejudice to the defendant is considerably greater given the Fifth Amendment implications. A lot of separations say minimum delay. How can you come up with minimum delay? Your Honor, I think in the cases where they, for example, in the Kovac case where this court was concerned about the delay that would come because there had not yet been an indictment, there was no knowledge by anyone involved beyond a sort of perfunctory affidavit from the defendant's counsel that an investigation was even ongoing, and that when it would ultimately, if it was ultimately charged or concluded. However, in this case, as is undisputed, Mr. Johnson has already been indicted. The case against Ms. Halvorson, we believe it is also being investigated. But as I stated, we have no visibility into the prosecutor's office. We don't anticipate proceeding far beyond the resolution of the case against Mr. Johnson. And as a result, we don't think that the delay is as considerable as it is in the cases where this court has found that delay is a true concern. Okay. I think you've written a nice brief and you're trying your best, but the standard of insurmountable, but it's difficult to do, especially when you have a judge who went through each of these factors and elucidated specifically why he was ruling and the way he was ruling, and then also left open the possibility that this could be examined in the future, in the event that Ms. Halvorson was ultimately indicted. That's all I have to say. Any other questions? No. Okay. Let's hear from the appellee. Good afternoon. May it please the court, Gail Schnitzer-Eisenberg on behalf of the appellees Jane Doe and Julie Doe. Jane and Julie Doe discovered they were being surreptitiously recorded in the primary bedroom and bathroom of the home in which Jane worked for Michael Johnston and Kelly Johnston. They brought a civil action. We know the facts. We know the facts. What is your response that the delay would be short? Well, at this time, what's interesting is a lot of the cases that find that the delay will be short emphasize that there is a trial date set. That is not the case here. The public docket has no trial date and there's just a continuance after continuance. Mr. Johnston, the counsel in the trial court noted that they had not used their rights to a speedy trial and that there thus is no date for a trial that Jane and Julie Doe would be able to look forward to, to have their civil case proceed. That was one of the concerns that Judge Mellon mentioned expressly in denying the stay as to Ms. Halvorson. What's your response to Ms. Gibson's argument that Judge Mellon made it a bright line rule here? I see no evidence of a bright line rule in the trial and the transcript below. Obviously, there was no actual record of the proceedings in the initial denial of the motion for a stay in this matter. And we certainly see that under this court standards, that the failure to have a record should be presumed against the appellants. That said, Judge Mellon reiterated much of his analysis later and that analysis clearly does not provide a bright line rule. He never said that indictment was the end all be all. He actually continues. That analysis is in your supporting record, right? It is. And that was very professional of you to include it. Thank you. Certainly, some of the cases that the appellants cite do notes that the stays are generally not to be granted before an indictment, including the Pipefitters case from Southern District of New York. They coincidentally don't quote that portion, but it's the very next line after the quotation they do offer to this court. This court recognized, as Justice Hyman noted, there is no constitutional right against self-incrimination in a civil matter. And while the trial court has the ability, has that discretion to stay in civil proceedings when there is a parallel criminal proceeding, what is at stake is not those constitutional rights in the criminal case, but what is at stake is the proper deference to the trial court. Judge Mellon used the correct factors as appellants concede and thoughtfully went through those factors in determining that a stay was warranted as to Michael and not to Ms. Halverson. While they have similar facts underlying those criminal and the civil matters, here Ms. Halverson has not been indicted. There's no indication that she's even been investigated, as the court noted in its recent analysis. This case is very similar to one that was recently before the appellate court in Universal Metro Asian Services versus Mahmood. In that case, the court reiterated that this is an abuse of discretion standard and then found, affirmed the stay where there even, sorry, in that case, the court reiterated the standard. And in that case, there would have been a much stronger case for a stay where that defendant had been indicted. So, in that case, this court found there was no abuse of discretion in denying the stay even in that case. Now, the appellants did find a case in Texas that did state that where the trial court exercises discretion differently. Certainly, that unpublished out-of-circuit case should be offered what kind of, you know, we would certainly argue minimal emphasis in this case. But if you look at the citing references to that very case, the Texas case, the cases come out the other way. At least two of the cases that are cited to that to State Farm versus Wood, Dominguez versus an indicted defendant and not as to the unindicted defendants, even where that indicted defendants, the unindicted defendants were subject to a pending criminal investigation. The Alcala case, actually, you know, like I said, splits the stay when it came to unindicted and indicted defendants. And then, as Judge Mullin indicated he would do here, reassessed once that the unindicted defendant had been indicted. And even in that case found that a stay of the entire case was not warranted. That case even further notes that a indefinite and in moderate duration stay would be reversed by the appellate courts. And that's what we were asked, what was asked below was for an indefinite duration of a stay since we don't have a trial date. And with Ms. Halverson, we don't even have an indictment to know when her criminal prosecution could theoretically end. Okay. Any other questions? None from me. Hearing none, let's hear a brief rebuttal, please. Just briefly, your honors, I think we've covered most of your questions. I just want to respond to two matters that were brought up during Ms. Eisenberg's argument. The first is the issue of the reassessment should Ms. Halverson be indicted. While that is being cited as the court being reasonable in recognizing that his mind could change, I think the problem with that is that once Ms. Halverson has been deposed, once she is forced to invoke her Fifth Amendment rights, should she choose to do so, the bell can't be unrung. So if the prosecutor's office takes longer than it takes, for example, for Ms. Halverson to be deposed, then ultimately, she's forced to make that choice that the trial court said that her husband should not have to make. And the only other matter that I wanted to bring up, your honor, regarding the Texas case, that's a State Farm Lloyd case. I recognize that the court has read the briefing and is familiar with the facts. But I think that case is key, particularly because of the unique circumstances of this matter. We're talking, like in that case, a husband and wife defendant, although I think at that point they were divorced, who one has been charged, one has not, but the identical conduct had been alleged against both. And the court recognized in that case, in that unique circumstance as we have here, that to not grant a stay or to grant the stay only as to the indicted defendant would raise more, I think the language used is that it would cause more problems than it would solve. And a lot of the reason for that is because the indicted defendant, which in that case, I believe was the wife, could not participate and could not be part of the underlying litigation against her former husband. And that impaired the ability of both her and her criminal case, but also the husband in the civil case against him. And I think that is the key distinction here with Ms. Halverson, is that she cannot rely on her husband's testimony either as to her own actions or as to his until the case against him is resolved, but she's being forced to proceed as if it is a completely separate matter, which I think the complaint makes clear that it is not. Because it makes no distinction. And unless there are further questions, that is all I have. I think we're good. Thank each of you. I'd like to thank on behalf of my colleagues for your civility, your professionalism, and your presentation here today. You're both a credit to the trial and appellate bar. We will take this matter under advisement, get back to you with the ruling in due course. Thank you very much.